# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, | CV F  06-863 OWW SMS P |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND AS FRIVOLOUS (Doc. 1) |
| CALIFORNIA CORRECTIONAL INSTITUTION LAW LIBRARY, | ORDER DIRECTING CLERK OF COURT TO TERMINATE ACTION |
| Defendants. / | |

Willie Weaver ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on July 10, 2006.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] To date, Plaintiff has filed 58 cases in this Court, most of which the Magistrate Judges have recommended dismissal for Plaintiff's failure to state a claim for relief and/or as frivolous.

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
3  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
4  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
5  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
7  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
8  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
9  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
10 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
14 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15      In this case, Plaintiff names the California Correctional Institution Law Library as
16 Defendant.  Plaintiff states that he has made several requests for interviews and has put in several
17 grievances but they have not been responded too.  Plaintiff also states that he is being denied
18 priority legal user status even though he has established court deadlines.

19      As a preliminary matter, Plaintiff fails to name a proper Defendant in this action.  The
20 Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The Law Library is not a person and therefore, is an improper Defendant.

     Even has Plaintiff named a person as a Defendant in this action, the Court would dismiss
the action as it fails to state a claim for relief.

     Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey,

1  518 U.S. 343, 346 (1996).  However, the right of access is merely the right to bring to court a
2  grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions,
3  and civil rights actions.  Id. at 354.  The State is not required to enable the inmate to discover
4  grievances or to litigate effectively once in court.  Id.  Further, inmates do not have the right to a
5  law library or legal assistance.  Id. at 351.  Law libraries and legal assistance programs are only
6  the means of ensuring access to the courts.  Id.
7      The Court finds that the deficiencies outlined above are not capable of being cured by
8  amendment, and therefore leave to amend is not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll
9  v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  As such, the Court HEREBY ORDERS:
10     1.   The instant action is DISMISSED for Plaintiff's FAILURE TO STATE A CLAIM
11          upon which relief can be granted.
12     2.   The Clerk of Court is DIRECTED to terminate this action in its entirety.
13     The dismissal of this action constitutes a "strike" within the meaning of Title 28
14 U.S.C.§ 1915(g).[2]
15 IT IS SO ORDERED.

16 **Dated:   July 29, 2006**              /s/ Oliver W. Wanger
   emm0d6                               UNITED STATES DISTRICT JUDGE

---

[2]The Prison Litigation Reform Act ("PLRA") preclude the privileges of proceeding in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.§ 1915(g).  "This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 116 n.1 (9th Cir. 2005).